IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 JUL 24  P 3: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DEBRA BEYAH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 1:06cv659 |
| WAL MART STORES, INC., | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII") and 42 U.S.C. § 1981, which provide for relief against discrimination in employment on the basis of race and retaliation related thereto. The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a. The plaintiff asserts her claims for relief for the defendant's violations of §1981 via 42 U.S.C. §1983. The plaintiff seeks compensatory and punitive damages and requests a trial by jury of all issues triable by a jury.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3. A substantial part of the unlawful employment practices challenged in this action were committed by the defendant within Houston County, Alabama. Venue is proper in this Court

pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4.  The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

### III. PARTIES

5.  Plaintiff, Debra Beyah ("Beyah"), is an African-American female citizen of the United States, and a resident of the State of Alabama. Plaintiff was formerly employed by the defendant, Wal-Mart Stores, Inc.

6.  Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times relevant to this action the plaintiff was an employee of the defendant and was rightfully attempting to make and/or enforce the terms of contract(s) regarding her employment.

### IV. ADMINISTRATIVE EXHAUSTION

7.  The plaintiff has satisfied all conditions precedent required pursuant to Title VII. The plaintiff timely filed a charge of discrimination and has obtained a Right-To-Sue Notice and hereby timely files this Complaint after receipt of said Notice.

### V. FACTS AND CLAIMS

8.  The plaintiff had been employed at the defendant's Wal-Mart Supercenter No. 2534 for over eight (8) years and at the time of her termination served as the Department Manager of the store's Photo Lab.

9.  In approximately March/April 2004, the Area Manager position over the Photo Lab and Wireless departments became vacant. This position was not posted, and was given to Becky Messer, a white female.

10. During the plaintiff's employment she was subjected to a racially hostile and discriminatory environment including, but not limited to, the following actions: Al Knight (Co-Manager) removed the plaintiff from a hiring committee resulting in a reduction in salary; in her role as the Photo Lab department manager the plaintiff was not supported in her disciplinary decisions and was undermined by Messer; Messer instructed Photo Lab employees to not assist or aid the plaintiff; the plaintiff, and other African-American employees, were subjected to discriminatory scheduling practices by Messer; the plaintiff was repeatedly subjected to discriminatory disciplinary action by Messer, Knight, Matt Perry (white manager), Quincy Hayes (Assistant Manger), and Gene (Co-Manager); and on August 8, 2005, the plaintiff was discriminatorily terminated.

11. The Plaintiff was subjected to a stricter level of scrutiny than her white co-workers. She was repeatedly reprimanded and/or disciplined for alleged minor mistakes, while white employees who made the same, or more egregious, mistakes were not reprimanded or written up. Similarly, the plaintiff was terminated allegedly due to the improper disposal of an inappropriate photo, however white employees involved in the same event were not terminated or disciplined.

12. The racially hostile work environment and discrimination was severe and/or pervasive such that it interfered with the plaintiff's work.

13. Throughout her employment with the defendant, the plaintiff repeated complained of Messer's racially discriminatory treatment of herself and of other African-American employees in the Photo Lab department.

14. As early as June 2004, the plaintiff complained to Messer about her unfair treatment of the African-American employees in the Photo Lab department. Messer did not respond to these complaints and the discriminatory treatment continued.

15. The plaintiff then complained to Ann Howard (Store Manager) about Messer's unfair treatment of two African-American employees in the Photo Lab department. Nothing was done and the discriminatory treatment continued.

16. After the plaintiff made these initial complaints of racial discrimination against Messer, the plaintiff was subjected to retaliation by Messer and experienced scheduling alterations and problems resulting in times when the plaintiff was only given eight (8) hours per week, which directly impacted her pay.

17. The plaintiff complained to both Messer and Howard of the scheduling problems, but nothing was done and the plaintiff continued to experience retaliatory scheduling problems up and until her termination.

18. In August 2004 the plaintiff was issued a verbal warning by Messer, Hayes and Gene regarding alleged problems in her job performance. At this time, the plaintiff again complained of the past racial discrimination. Nothing was done and the discriminatory treatment continued.

19. In September 2004 the plaintiff again approached Howard about the racial discrimination to which she and others were being subjected and the plaintiff informed Howard that she [Debra] was being mistreated due to the color of her skin. Nothing was done and the discriminatory treatment continued.

20. In October 2004 the plaintiff was then issued a Coaching (the next step in the defendant's progressive discipline policy) by Howard and Perry for "gossip" due to her complaints of Messer showing favoritism to the white employees.

21. On March 25, 2004, Messer and Knight issued the plaintiff the final disciplinary action, a Decision Making Day, and sent her home because while the plaintiff was on vacation one

4

of her subordinate employees failed to properly perform the silver testing in the Photo Lab on the correct day. The subordinate employee who actually committed the error was not terminated or disciplined.

22. On August 22, 2005, the defendant terminated the plaintiff's employment allegedly due to the improper disposal of an inappropriate photo. The white employees involved in this incident were not terminated. The plaintiff's co-workers who had not complained of racial discrimination were not terminated.

23. The Plaintiff's supervisors were aware of the racially discriminatory actions, however, they did not take any disciplinary action against to correct or prevent further discriminatory actions.

## COUNT I
## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

24. The plaintiff realleges and incorporates by reference paragraphs 1- 23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25. The defendant intentionally, willfully, and maliciously discriminated against the plaintiff, at least in part, on the basis of the plaintiffs' race, African-American, by reducing her pay, altering her schedule and lowering her work hours, by discriminatorily applying the disciplinary policy to her, by applying discriminatorily scheduling practices, by subjecting him to stricter scrutiny than similarly situated white, and by ultimately terminating her employment.

26. The plaintiff made repeated, good faith complaints in opposition to racial discrimination against herself and other African-American employees.

27. As is discussed above, in retaliation at least in part for her opposition to race

discrimination, the defendant subjected the plaintiff to the following: in her role as the Photo Lab department manager the plaintiff was not supported in her disciplinary decisions and was undermined by Messer; Messer instructed Photo Lab employees to not assist or aid the plaintiff; the plaintiff was subjected to discriminatory scheduling practices by Messer; the plaintiff was repeatedly subjected to discriminatory disciplinary action by Messer, Knight, Perry, Hayes, and Gene; and on August 8, 2005, the plaintiff was discriminatorily terminated.

28. The defendant's conduct was retaliation based, at least in part, on the plaintiff's protected activities of opposing racial discrimination.

29. The Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

30. The defendant, as the employer of plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the racial discrimination of plaintiff.

31. Plaintiff suffered damages as a proximate result of these violations, which were caused by the defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the plaintiff's rights and/or by deliberate indifference to those violations.

32. The defendant thus has violated the proscriptions against racial discrimination and retaliation found in Title VII and 42 U.S.C. §1981.

33. As the result of the defendant's conduct the plaintiff was deprived of income and other employment benefits. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs

alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

35.     Plaintiff is suffering and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### VII.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e et seq., as amended; and 42 U.S.C. §1981.

2.     Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys, and those acting in concert with the defendant, from continuing to violate Title VII, and 42 U.S.C. §1981.

3.     Enter an Order requiring the defendant to make the plaintiff whole by awarding her reinstatement, front pay, lost wages (plus interest), liquidated damages, compensatory and punitive damages, and loss of benefits including retirement, pension seniority and other benefits of employment.

4.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                    Respectfully submitted,

                    */s/ Temple D. Trueblood*
                    Ann C. Robertson
                    Temple D. Trueblood
                    Attorneys for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0514


THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

                    */s/ Temple D. Trueblood*
                    OF COUNSEL


Plaintiff requests this Honorable Court to serve via certified mail upon the named defendant the following : Summons, Complaint.


**Defendant's Address:**
Wal-Mart Stores, Inc.
c/o Registered Agent
The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, Alabama 36109

                    */s/ Temple D. Trueblood*
                    OF COUNSEL