**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DEBRA BEYAH,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 1:06-CV-659 CSC** |
| **WAL-MART STORES, INC.,** | |
| **Defendant.** | |

*DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES*

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Wal-Mart Stores, Inc.[1] ("Wal-Mart" or "Defendant") hereby answers Plaintiff Debra Beyah's ("Plaintiff') Complaint and denies each and every allegation not specifically admitted herein. In response to the numbered paragraphs of Plaintiff's Complaint, Wal-Mart answers as follows:

**<u>INTRODUCTION</u>**

1.

Defendant admits only that Plaintiff brings an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Defendant denies, however, that it engaged in any conduct that would give rise to any cause of action alleged in Plaintiff's Complaint, and Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

---

[1] Plaintiff's Complaint incorrectly identifies Plaintiff's employer as "Wal-Mart Stores, Inc." Plaintiff was employed by Wal-Mart Stores East, L.P., and Wal-Mart respectfully requests that the proper corporate entity be identified in all future pleadings.

## JURISDICTION AND VENUE

### 2.

Defendant admits only that Plaintiff brings an action under Title VII and § 1981. Defendant denies, however, that it engaged in any conduct that would give rise to any cause of action alleged in Plaintiff's Complaint, and Defendant denies all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

Defendant admits only that Plaintiff invokes the venue of this Court.   Defendant denies, however, that it engaged in any conduct that would give rise to any cause of action alleged in Plaintiff's Complaint, and Defendant denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

Defendant admits only that Plaintiff requests a jury trial.  Defendant denies, however, that Plaintiff raises any triable issue based upon the allegations contained in her Complaint.

## PARTIES

### 5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

### 6.

Defendant admits only that Plaintiff was at one time employed by Wal-Mart Stores East, L.P. which is an "employer" within the meaning of Title VII.  Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

## ALLEGED ADMINISTRATIVE EXHAUSTION

### 7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## STATEMENT OF ALLEGED FACTS

### 8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

### 9.

Defendant admits only that, in or around April 2004, Becky Messer, a Caucasian female, became the Assistant Manager responsible for the Photo Lab.  Defendant denies all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

### 11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

### 12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

### 13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

### 14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

### 15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant admits only that, on August 10, 2004, Plaintiff was provided a verbal coaching regarding her performance and productivity. The coaching was provided to Plaintiff by Becky Messer, and Quencie Hayes served as a witness to the coaching. Defendant denies all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits only that Plaintiff contacted Wal-Mart's Ethics Hotline in September 2004. Defendant denies all remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant admits only that, on October 11, 2004, Plaintiff was provided a written coaching regarding her misconduct. The coaching was provided by Ann Howard, and the conversation was witnessed by Matthew Perry. Defendant denies all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant admits only that, on March 25, 2005, Plaintiff was provided a Decision-Making Day regarding her performance. The Decision-Making Day was provided to Plaintiff by

Ann Howard and Rebecca Messer.  Defendant denies all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant admits only that, on August 22, 2005 Plaintiff's employment was terminated for gross misconduct.  Defendant further states that the Caucasian male Associate involved in the incident related to Plaintiff's termination was provided a written coaching.  Defendant denies all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT I: ALLEGED RACE DISCRIMINATION AND RETALIATION

24.

Defendant adopts and incorporates by reference its denials and responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth specifically herein.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant admits only that Plaintiff twice contacted Wal-Mart's Ethics Hotline, and, in both instances, Wal-Mart investigated Plaintiff's concerns.  Defendant denies all remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

5

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

The Prayer for Relief, and each of its subparts, contains no allegations to which Wal-Mart is required to respond, but to the extent it may, Wal-Mart denies that Plaintiff is entitled to any relief whatsoever, and it further denies that it has committed any unlawful or illegal act with respect to Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

Answering further, and by way of defense, Wal-Mart states as follows:

1.

Plaintiff's Complaint fails to state a claim upon which relief may be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiff attempts to raise.

2.

The applicable statutes of limitation, in whole or in part, may bar Plaintiff's claims.

3.

The Court lacks jurisdiction over the subject matter of this lawsuit to the extent that the allegations of the Complaint are beyond the scope of a timely filed charge of discrimination.

4.

To the extent Plaintiff failed to exhaust her administrative remedies with respect to any claim under Title VII of the Civil Rights Act of 1964, as amended, such claims are barred.

5.

All employment actions taken by Wal-Mart with respect to Plaintiff were and are based on legitimate, non-discriminatory, non-retaliatory reasons, and Wal-Mart acted at all times in good faith.

6.

Even if Plaintiff were able to prove that Wal-Mart's actions and decisions were motivated, in part, by unlawful discriminatory or retaliatory intent, Plaintiff's claims would fail

because Wal-Mart would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

7.

To the extent it is discovered that Plaintiff engaged in misconduct, violation of Wal-Mart policies, or other conduct that would have resulted in her termination by Wal-Mart, or would have precluded her from obtaining employment with Wal-Mart, Plaintiff is subject to the after-acquired evidence doctrine and limited in her recovery of remedy.

8.

To the extent that any of Wal-Mart's employees engaged in any of the conduct described in the Complaint, such actions were outside the scope of his/her employment, were contrary to the policies and directives of Wal-Mart, and not done in the furtherance of Wal-Mart's business interests.

9.

Plaintiff failed to give Wal-Mart adequate notice of the alleged hostile and/or offensive treatment she claims to have experienced and, to the extent any such notice was given, Wal-Mart took prompt remedial action after becoming aware of Plaintiff's allegations of such treatment.

10.

The conduct alleged by Plaintiff does not rise to the level of severity or pervasiveness necessary to establish an actionable claim.

11.

Plaintiff's claim is barred by the doctrine of laches based on Plaintiff's unreasonable delay in reporting the alleged discriminatory actions.

12.

Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages.

13.

Wal-Mart is entitled to a set off against Plaintiff's alleged damages in the amount(s) which Plaintiff received or earned, could have received or earned through reasonable efforts, and any amounts paid to Plaintiff by Wal-Mart.

14.

Plaintiff's punitive damages claims are barred because Wal-Mart did not engage in any conduct that would rise to the level required to sustain an award of punitive damages.

15.

Assuming, *arguendo*, Plaintiff's allegations are sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by Wal-Mart's good faith efforts to comply the federal law, including Title VII and all other federal laws pertaining to employment.

16.

Plaintiff's claim for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

17.

Wal-Mart reserves the right to assert any additional affirmative defenses as established by the facts of this case.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Wal-Mart Stores East, L.P. respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice and that Wal-Mart be awarded all costs and attorneys' fees incurred in the defense of this action and such further relief as the Court deems just and proper.

Respectfully submitted this 5th day of September 2006.

s/ Charlotte K. McClusky
ASB No. A57M5296
Attorney for Wal-Mart Stores, Inc.
LITTLER MENDELSON
A Professional Corporation
3348 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Telephone (404) 233-0330
Facsimile: (404) 233-2361
E-Mail: cmcclusky@littler.com

Scott A. Forman
(*pro hac vice* application pending)
Attorney for Wal-Mart Stores, Inc.
LITTLER MENDELSON
A Professional Corporation
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1500
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552
E-mail: sforman@littler.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**DEBRA BEYAH,**

        **Plaintiff,**

**v.**

**WAL-MART STORES, INC.,**

        **Defendant.**

**CIVIL ACTION NO. 1:06-CV-659 CSC**

*CERTIFICATE OF SERVICE*

        I hereby certify that, on September 5, 2006, I electronically filed the foregoing *Defendant's Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

        s/ Charlotte K. McClusky
        ASB No. A57M5296
        Attorney for Wal-Mart Stores, Inc.
        LITTLER MENDELSON
        A Professional Corporation
        3348 Peachtree Road, N.E.
        Suite 1100
        Atlanta, Georgia 30326-1008
        Telephone (404) 233-0330
        Facsimile: (404) 233-2361
        E-Mail: cmcclusky@littler.com

        Firmwide:81414384.1 015602.4972

11